**UNITED STATES of America, Appellee,**

v.

**Alvin Ralph MOUND, Appellant.**

No. 97–4162.

United States Court of Appeals,
Eighth Circuit.

Oct. 20, 1998.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting, joined by McMILLIAN, WOLLMAN, and BEAM, Circuit Judges.

Because this case seems to me to involve "a question of exceptional importance," *see* Fed. R. App. P. 35(a)(2), I dissent from the order denying the suggestion for rehearing *en banc.*

Fed. R. Evid. 413 runs counter to a centuries-old legal tradition that views propensity evidence with a particularly skeptical eye. The common law, of course, is not embodied in the Constitution, but the fact that a rule has recommended itself to generations of lawyers and judges is at least some indication that it embodies " 'fundamental conceptions of justice,' " *Dowling v. United States,* 493 U.S. 342, 352, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990), quoting *Mooney v. Holohan,* 294 U.S. 103, 112, 55 S.Ct. 340, 79 L.Ed. 791 (1935) *(per curiam).* It also cannot be irrelevant that the members of two committees, consisting of 40 persons in all, and appointed by the Judicial Conference of the United States to examine Fed. R. Evid. 413 before its passage, all but unanimously urged that Congress not adopt the rule because of deep concerns about its fundamental fairness. Members of the committees worried that the new rule would displace "essential 'protections [that have] form[ed] a fundamental part of American jurisprudence and have evolved under longstanding rules and case law.' " *See* M.A. Sheft, *Federal Rules of Evidence 413: A Dangerous New Frontier,* 33 Am. Crim. L. Rev. 57, 73 (1995), quoting Judicial Conference, *Report of the Judicial Conference of the United States on the Admission of Character Evidence in Certain Sexual Misconduct Cases* at 2 (1995).

It seems to me that the *en banc* court ought to consider, as one commentator has put it, whether Fed. R. Evid. 413 "presents [so] great a risk that the jury will convict a defendant for his past conduct or unsavory character" that it violates due process. *See* Sheft, *Frontier* at 76. We might well conclude that the common-law rule against propensity evidence has as distinguished a legal

pedigree as, say, the rule that guilt must be proved beyond a reasonable doubt. *See In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Our resolution of the relevant constitutional questions would necessarily involve us in an examination of the ultimate rationality of Fed. R. Evid. 413. There is a great deal of evidence that the prognosticative power of past sexual behavior is quite low, *see* J.A. Moreno, *"Whoever Fights Monsters Should See to It That in the Process She Does Not Become a Monster": Hunting the Sexual Predator with Silver Bullets—Federal Rules of Evidence 413–415—and a Stake Through the Heart*—Kansas v. Hendricks, 49 Fla. L. Rev. 505, 550, 552 (1997); in fact, the recidivism rate for rape is lower than that for any major crime other than murder. While the kind of review that I think we ought to undertake would require us to consider matters that Congress has already presumably weighed, that is inevitable when fairness (a necessary component of which is rationality) is the subject of judicial inquiry.

For these and other reasons that I will not detail, I dissent from the order of the court denying the suggestion that we rehear this case *en banc.*