# IN THE SUPREME COURT OF IOWA

No. 07–2083

Filed April 30, 2010

**STATE OF IOWA,**

Appellee,

vs.

**MATTHEW EARL COX,**

Appellant.

_____

Appeal from the Iowa District Court for Linn County, Robert E. Sosalla, Judge.

Defendant challenges admissibility of evidence of incidents of prior sexual abuse with other victims. **JUDGMENT REVERSED AND CASE REMANDED.**

Mark C. Smith, State Appellate Defender and David Arthur Adams, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Harold Denton, Linn County Attorney, and Jerry Vander Sanden, Assistant County Attorney, for appellee.

**STREIT, Justice**.

Matthew Cox was convicted pursuant to Iowa Code sections 709.1, 709.3(2), and 709.4(2)(*b*) (2005) of one count of sex abuse in the second degree and one count of sex abuse in the third degree for sexually abusing his younger cousin. The State presented evidence of Cox's prior sexual abuse of two other cousins. Cox appealed, asserting the district court erred by admitting the instances of sexual abuse against other victims pursuant to Iowa Code section 701.11 (2007). Admission of prior bad acts solely to show a general propensity instead of a legitimate issue violates the due process clause of the Iowa Constitution. Because Cox's prior bad acts with different victims are not relevant to a legitimate issue, section 701.11 is unconstitutional as applied to the facts of this case and we reverse.

## I. Background Facts and Prior Proceedings.

Fourteen-year old J.M. accused her cousin Matthew Cox of fondling her on several occasions beginning when she was between four and six years old in about 1996–1998 and raping her beginning when she was a pre-teen in about 2003. According to J.M., most of these incidents took place at her grandmother's house, where Cox lived. The State charged Cox with sexual abuse in the second degree for acts between January 1, 2003, and October 31, 2005, and later added a charge of sexual abuse in the third degree for acts after J.M. turned twelve.

At trial, T.C. and A.L., two of Cox's other cousins, testified to prior sexual contact with Cox. T.C., a female, described two occasions when Cox forcibly fondled her, once at her grandmother's house when she was ten, in about 1998, and once in a car when she was thirteen, in about 2001. A.L., a male and J.M.'s half-brother, described a pattern of abuse

that began with inappropriate touching and forced oral sex when he was around age six, in about 1992, and escalated to incidents during which Cox forcibly performed anal intercourse with him. A.L. testified some of these alleged acts took place at his grandmother's house.

Charges had been filed jointly based on Cox's alleged abuse of A.L., but these charges were severed from those relating to J.M. prior to trial[1]. Cox then filed a motion in limine seeking to exclude prior-bad-acts evidence under Iowa Rules of Evidence 5.404(*b*) and 5.403. The State asserted such evidence was admissible under Iowa Code section 701.11. Cox argued that section 701.11 only applies to evidence of other sexual abuse with the *same* victim and application of section 701.11 here would be unconstitutional under the Iowa Constitution.

The State argued the prior acts of sexual abuse should be admitted under section 701.11 because of "common threads" in the testimony: all of the alleged victims were cousins of the defendant, all were abused as children or young adults, and all testified to some abuse at the grandmother's house. The State also argued the evidence showed the "defendant's MO" and "a pattern of behavior," making it admissible even under rule 5.404(*b*).

Ruling in favor of the State, the court concluded the evidence was admissible under section 701.11 because "the Legislature found it necessary in sexual abuse cases to make an exception. [The statute] doesn't limit it to other sexual abuse against the same victim." The court found the evidence relevant and also found the probative value of the evidence outweighed the prejudicial effect because of the arguments put forth by the State, including "the similarities," and because the testimony

---

[1]Cox was tried separately for offenses against A.L. and convicted of sexual abuse in the second degree.

"bolsters [J.M.'s] credibility as to . . . her recitation as to the events as occurred."

The district court ordered the State to lay the foundation for these witnesses outside the presence of the jury and again determined the testimony was admissible. The court gave a limiting jury instruction that "[e]vidence of another offense for which a defendant is not on trial does not mean that the defendant is guilty of the charges for which he is on trial." The jury returned a guilty verdict, and Cox appealed.

## II. Scope of Review.

We review a district court's evidentiary rulings regarding the admission of prior bad acts for abuse of discretion. *State v. Parker*, 747 N.W.2d 196, 203 (Iowa 2008). "An abuse of discretion occurs when the trial court exercises its discretion 'on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'" *State v. Rodriquez*, 636 N.W.2d 234, 239 (Iowa 2001) (quoting *State v. Maghee*, 573 N.W.2d 1, 5 (Iowa 1997)). However, to the extent a challenge to a trial court ruling on the admissibility of evidence implicates the interpretation of a statute or a rule of evidence, our review is for errors at law. *See State v. Stone*, 764 N.W.2d 545, 548 (Iowa 2009); *State v. Jordan*, 663 N.W.2d 877, 879 (Iowa 2003). We review constitutional claims de novo. *State v. Bumpus*, 459 N.W.2d 619, 622 (Iowa 1990).

## III. Merits.

**A. Prior Bad Acts Evidence.** Cox asserts the district court erred by admitting evidence of his prior acts of sexual abuse under Iowa Code section 701.11. Cox argues if section 701.11 is read to allow prior bad acts against individuals other than the victim, it violates the due process clause of the Iowa Constitution.

Under Iowa Rule of Evidence 5.404(*b*), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith." Iowa R. Evid. 5.404(*b*). Therefore, such evidence "is not admissible to demonstrate the defendant has a criminal disposition and was thus more likely to have committed the crime in question." *State v. Reynolds*, 765 N.W.2d 283, 289 (Iowa 2009). The public policy for this rule

> "is founded not on a belief that the evidence is irrelevant, but rather on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds."

*State v. Sullivan*, 679 N.W.2d 19, 24 (Iowa 2004) (quoting *United States v. Daniels*, 770 F.2d 1111, 1116 (D.C. Cir. 1985)).

However, prior bad acts are admissible if offered for the purpose of establishing "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Iowa R. Evid. 5.404(*b*). "The purposes listed in [rule 5.404(*b*)] are not exclusive." *State v. Plaster*, 424 N.W.2d 226, 228 (Iowa 1988). A court may admit evidence of prior bad acts when it determines (1) the evidence is " 'relevant and material to a *legitimate* issue in the case other than a general propensity to commit wrongful acts,' " and (2) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the defendant. *Reynolds*, 765 N.W.2d at 289–90 (quoting *Sullivan*, 679 N.W.2d at 25).

Iowa Code section 701.11 applies specifically to prior acts of sexual abuse and provides:

> In a criminal prosecution in which a defendant has been charged with sexual abuse, evidence of the defendant's commission of another sexual abuse is admissible and may be considered for its bearing on any matter for which the evidence is relevant. This evidence, though relevant, may be

> excluded if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. This evidence is not admissible unless the state presents clear proof of the commission of the prior act of sexual abuse.

Iowa Code § 701.11(1). Section 701.11 appears to allow introduction of prior sexual abuse without limiting such evidence to the specific categories in Iowa Rule of Evidence 5.404(*b*): "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

**B. Constitutionality of Iowa Code Section 701.11.** Cox argues Iowa Code section 701.11 violates the due process clause of the Iowa Constitution by allowing a defendant to be tried and convicted based on a general propensity instead of the charged offense.[2] Article I, section 9 of the Iowa Constitution guarantees that "no person shall be deprived of life, liberty, or property without due process of law." Iowa Const. art. I, § 9. Although in the past we have interpreted the United States and Iowa Constitutions "in a similar fashion," *State v. Seering*, 701 N.W.2d 655, 662 (Iowa 2005), we " 'jealously guard our right and duty to differ in appropriate cases.' " *State v. Cline*, 617 N.W.2d 277, 285 (Iowa 2000) (quoting *State v. Olsen*, 293 N.W.2d 216, 220 (Iowa 1980)), *overruled on other grounds by State v. Turner*, 630 N.W.2d 601, 606 n.2 (Iowa 2001). Cox asserts the history and case law of our state supports an interpretation of the Iowa Constitution that differs from the

---

[2]The State argues this constitutional claim is not preserved because it was not raised below in the district court. We disagree. Before the district court, defense trial counsel argued that: (1) the State was seeking to admit the prior bad acts evidence as propensity evidence to suggest "he did it to others; therefore, he did it here;" (2) Iowa Code section 701.11 should be interpreted to only apply to allegations of prior sex abuse against the same victim; and (3) section 701.11 violates due process because it is overly broad and vague. We hold that counsel's arguments were sufficient to preserve this issue for appellate review.

interpretation federal courts have afforded the United States Constitution with regard to this specific issue. Although decisions interpreting the Federal Constitution are not binding on us with respect to the Iowa Constitution, such cases may be persuasive. *State v. Hoskins*, 711 N.W.2d 720, 725 (Iowa 2006).

In *State v. Reyes*, 744 N.W.2d 95 (Iowa 2008), we examined the constitutionality of Iowa Code section 701.11 with respect to the admissibility of other sexual abuse involving the same victim. We reasoned the evidence was relevant to a legitimate issue because it "shows the nature of the relationship between the alleged perpetrator and the victim." *Reyes*, 744 N.W.2d at 102. "The evidence was thus not offered to show a *general propensity* to be attracted sexually to young girls, but instead to demonstrate the nature of the defendant's relationship and feelings toward a *specific* individual." *Id.* at 103. We determined the "admission of prior sexual abuse involving the same victim does not amount to a constitutional violation of due process." *Id.* *Reyes* relied on our prior case law, which "held that prior sexual abuse was admissible ' "to show a passion or propensity for illicit sexual relations *with the particular person* concerned in a criminal trial." ' " *Id.* at 102 (quoting *State v. Spaulding*, 313 N.W.2d 878, 880 (Iowa 1981)).

The holding in *Reyes* was limited to prior incidents involving the same victim. *Id.* at 102 n.1. *Reyes* expressly declined to address situations involving a different victim. As stated in a footnote, "[w]e express no view regarding the constitutionality of Iowa Code section 701.11 where the prior acts of sexual abuse involve persons other than the current alleged victim." *Id.* Today, we address the issue purposefully left unanswered in *Reyes*: whether admitting a defendant's other acts of sexual abuse with a different victim violates due process. We hold the

Iowa Constitution prohibits admission of prior bad acts evidence involving a different victim when admitted solely for the purpose of demonstrating propensity. Instead, the evidence must be relevant to a "legitimate issue."

The United States Supreme Court has not reached, and instead has expressly reserved, the question of whether a state law admitting propensity evidence violates the Federal Due Process Clause. *Estelle v. McGuire*, 502 U.S. 62, 75 n.5, 112 S. Ct. 475, 484 n.5, 116 L. Ed. 2d 385, 401 n.5 (1991). The United States Supreme Court has explained, however, that admitting propensity evidence raises questions of fair play:

> Courts that follow the common-law tradition almost unanimously have come to disallow resort by the prosecution to any kind of evidence of a defendant's evil character to establish a probability of his guilt. . . . The inquiry is not rejected because character is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge.

*Michelson v. United States*, 335 U.S. 469, 475–76, 69 S. Ct. 213, 218, 93 L. Ed. 168, 173–74 (1948) (footnotes omitted). Similarly, in *Old Chief v. United States*, 519 U.S. 172, 191, 117 S. Ct. 644, 655, 136 L. Ed. 2d 574, 594–95 (1997), the Supreme Court held a trial court abused its discretion by admitting the name and factual circumstances of a previous conviction, even though a prior felony conviction was an element of the crime charged. The court, citing *Michelson*, held the evidence was unfairly prejudicial, explaining, "[t]here is, accordingly, no question that propensity would be an 'improper basis' for conviction." *Old Chief*, 519 U.S. at 181–82, 117 S. Ct. at 650–51, 136 L. Ed. 2d at 588.

The Federal Rules of Evidence previously referred to prior bad acts only in section 404(b), a provision similar to Iowa Rule of Evidence 5.404(*b*), which prohibited introduction of prior bad acts except in certain circumstances. Fed. R. Evid. 404(b). In 1994, Congress expanded the scope of admissible evidence by enacting Federal Rules of Evidence 413 and 414. Similar to Iowa Code section 701.11, Federal Rule of Evidence 413(a) provides:

> In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant.

Fed. R. Evid. 413(a). Rule 414 applies to child molestation cases and permits evidence of the defendant's commission of other offenses of child molestation. Fed. R. Evid. 414(a). The United States Supreme Court has not addressed the constitutionality of these rules.[3] However, federal courts have generally upheld the admission of evidence under rules 413 and 414. *See, e.g., United States v. Castillo*, 140 F.3d 874, 881–83 (10th Cir. 1998).

In *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998), the Tenth Circuit held rule 413 does not on its face violate the due process rights of a defendant, and in *Castillo*, 140 F.3d at 880, it reached the same determination with regard to rule 414. In both cases, the federal rule admitting prior sexual abuse was held to be constitutional

---

[3]Federal Rules 413 and 414 were controversial when enacted:

> [T]he members of two committees, consisting of 40 persons in all, and appointed by the Judicial Conference of the United States to examine Fed. R. Evid. 413 before its passage, all but unanimously urged that Congress not adopt the rule because of deep concerns about its fundamental fairness.

*United States v. Mound*, 157 F.3d 1153, 1153 (8th Cir. 1998) (Arnold, J., dissenting from denial of rehearing en banc).

because of the safeguard of Federal Rule of Evidence 403, which directs the court to exclude the evidence if it "concludes the probative value of the similar crimes evidence is outweighed by the risk of unfair prejudice." *Enjady*, 134 F.3d at 1433. In *Castillo*, the Tenth Circuit held that when evidence is "so prejudicial that it violates the defendant's fundamental right to a fair trial . . . [a]pplication of Rule 403 . . . should *always* result in the exclusion of [such] evidence." *Castillo*, 140 F.3d at 883 (emphasis added).

Similarly, in *United States v. LeMay*, 260 F.3d 1018 (9th Cir. 2001), the Ninth Circuit determined the admission of the defendant's other instances of molestation did not violate his due process rights. *LeMay*, 260 F.3d at 1026–27. Holding rule 414 does not violate the Due Process Clause of the Constitution, the court stated, "[a]s long as the protections of Rule 403 remain in place to ensure that potentially devastating evidence of little probative value will not reach the jury, the right to a fair trial remains adequately safeguarded." *Id.* at 1026.

State courts have also confronted statutes similar to Iowa Code section 701.11. Most courts have followed the federal courts' lead and held the balancing tests in the state equivalents of Federal Rule of Evidence 403 maintain the constitutionality of statutes admitting evidence of prior sexual offenses. *See, e.g., People v. Falsetta*, 986 P.2d 182, 189–93 (Cal. 1999) (holding state statute admitting propensity evidence of sex crimes does not violate due process); *People v. Donoho*, 788 N.E.2d 707, 720–21 (Ill. 2003) (holding state statute admitting propensity evidence of sex crimes constitutional under the Federal and Illinois Constitutions).

The Supreme Court of Missouri, however, has declared a law similar to Iowa Code section 701.11 unconstitutional. *See State v.*

*Ellison*, 239 S.W.3d 603, 607–08 (Mo. 2007). In *Ellison*, the court held a Missouri statute allowing admission of evidence of prior sexual crimes unconstitutional under the Missouri Constitution even though the statute contained a balancing clause similar to Federal Rule of Evidence 403. *Id.* at 606. The court based its holding on two clauses in the Missouri Constitution which together guarantee "the right to be tried only on the offense charged."[4] *Id.* at 605–06. The court noted the long line of Missouri cases prohibiting admission of prior criminal acts as propensity evidence and held "[e]vidence of prior criminal acts is *never* admissible for the purpose of demonstrating the defendant's propensity to commit the crime with which he is presently charged. There are no exceptions to this rule." *Id.* at 606 (citation omitted).

When we evaluate the constitutionality of rules of evidence based on due process considerations, "the traditional approach has been to invalidate an evidentiary rule only if it 'violates those "fundamental conceptions of justice which lie at the base of our civil and political institutions," which define "the community's sense of fair play and decency." ' " *Reyes*, 744 N.W.2d at 101 (quoting *United States v. Lovasco*, 431 U.S. 783, 790, 97 S. Ct. 2044, 2049, 52 L. Ed. 2d 752, 759 (1977)). Cox argues Iowa courts have generally refused to accept the admission of propensity evidence, and therefore, Iowa Code section 701.11 violates a fundamental conception of justice under the Iowa Constitution.

The general rule prohibiting propensity evidence was firmly established in Iowa courts at common law. *See State v. Vance*, 119 Iowa 685, 686, 94 N.W. 204, 204 (1903) ("The rule as to evidence of similar

---

[4]One clause provides that "no person shall be prosecuted criminally for felony or misdemeanor otherwise than by indictment or information." Mo. Const. art. 1, § 17. The other provides that "in criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation." Mo. Const. art. 1, § 18(a).

acts at other times and with other persons than those charged in the indictment is well understood. The state cannot prove against a defendant any crime not alleged in the indictment, either as foundation for separate punishment or as aiding the proofs that he is guilty of the crime charged."). The courts developed a requirement that evidence of prior bad acts be relevant " ' "to prove some fact or element in issue other than the defendant's criminal disposition" ' " and therefore relevant "for a legitimate purpose" other than propensity to be admissible. *Rodriquez*, 636 N.W.2d at 239–40 (quoting *State v. Castaneda*, 621 N.W.2d 435, 440 (Iowa 2001)). After codification of the general prohibition on propensity evidence in rule 5.404(*b*), this requirement remains. To be admissible the evidence must be " 'relevant and material to a *legitimate* issue in the case other than a general propensity to commit wrongful acts.' " *See Reynolds*, 765 N.W.2d at 289 (quoting *Sullivan*, 679 N.W.2d at 25). An early United States Supreme Court case explained that the common law rejects prior bad acts as evidence because

> [p]roof of them only tended to prejudice the defendants with the jurors . . . . However depraved in character, and however full of crime [the defendants'] past lives may have been, the defendants were entitled to be tried upon competent evidence, and only for the offense charged.

*Boyd v. United States*, 142 U.S. 450, 458, 12 S. Ct. 292, 295, 35 L. Ed. 1077, 1080 (1892).

Although historical practice generally excluded propensity evidence, "[t]he historical practice with respect to the admissibility of prior sexual acts is ambiguous at best." *Reyes*, 744 N.W.2d at 101. We noted in *Reyes* that some jurisdictions have developed exceptions that allow evidence of prior sexual abuse involving children to be admitted, whereas other states exclude all evidence of prior sexual abuse. *See*

*Lannan v. State,* 600 N.E.2d 1334, 1338 (Ind. 1992) (overruling Indiana's prior use of the "depraved sexual instinct exception" and citing cases from other jurisdictions both adopting and rejecting the exception); Mary Christine Hutton, *Commentary: Prior Bad Acts Evidence in Cases of Sexual Contact with a Child,* 34 S.D. L. Rev. 604, 614–17 (1989) (noting states' different treatment of prior sex acts with children); *cf.* David P. Leonard, *The New Wigmore: Evidence of Other Misconduct and Similar Events* § 8.5.3, at 543 (2009) ("[C]ourts have long approved admission of [prior bad acts] evidence in sexual crime and child molestation cases for at least three reasons, all of which tend toward the same conclusion: that proof of the crime's occurrence is exceedingly difficult to muster.").

This court traced the history of a "lewd disposition" exception in Iowa in *State v. Cott,* 283 N.W.2d 324, 327 (Iowa 1979). As *Cott* explained:

> [E]vidence tending to prove a lewd disposition of the defendant charged with lascivious acts with a minor was originally considered relevant only insofar as it showed his intent solely toward the prosecuting witness. Almost imperceptibly, the lewd disposition exception was overextended to permit evidence of the defendant's acts with other victims. First, in [*State v. Schlak,* 253 Iowa 113, 116, 111 N.W.2d 289, 291 (1961)], it crept in as a synonym for motive. Then, in [*State v. Maestas,* 224 N.W.2d 248, 250–51 (Iowa 1974)], it was used as an alternative rationale to the common scheme exception. *However, proving lewd disposition has never been the sole purpose for which this court has approved the admission of testimony concerning prior acts with persons other than the prosecutrix.*

*Id.* (emphasis added). Instead of relying solely on a "lewd disposition" exception, when faced with prior sexual offenses towards one other than the victim, this court has typically required the challenged evidence to be " 'relevant and material to some legitimate issue other than a general propensity to commit wrongful acts.' " *State v. Casady,* 491 N.W.2d 782,

785 (Iowa 1992) (quoting *Plaster*, 424 N.W.2d at 229). For example, evidence of prior sexual abuse of a different victim is admissible when the identity of an attacker—alleged to be the defendant—is in dispute and a prior act by the defendant was "strikingly similar" or of a "unique nature." *State v. Walsh*, 318 N.W.2d 184, 185–86 (1982). Such evidence is also admissible when the defendant is charged for assault with intent to commit sex abuse and prior similar crimes are used to demonstrate the element of sexual intent. *See Casady*, 491 N.W.2d at 785–86 (admitting prior instances of defendant pulling young women into his car and sexually assaulting them when defendant was charged with intent to commit sexual assault for a failed attempt to pull a girl into his car); *State v. Spargo*, 364 N.W.2d 203, 205, 209 (1985). This court has also admitted prior sexual acts to rebut a defendant's claim that the charged sexual activity was consensual. *See State v. Bayles*, 551 N.W.2d 600, 604–05 (1996); *State v. Tillman*, 514 N.W.2d 105, 108–09 (Iowa 1994) (admitting defendant's statement to victim that he had previously killed a woman to rebut claim that sex acts were consensual); *Plaster*, 424 N.W.2d at 229–31.

This court did allow admission of a prior sexual offense against an individual other than the particular victim without tying it to a legitimate issue other than general propensity in *State v. Spaulding*, 313 N.W.2d 878, 881 (1981). In *Spaulding*, the court held testimony by the victim's sister regarding an incident of sexual abuse could be admitted. *Id.* This court referenced a quotation from a renowned treatise stating: " '[C]ertain unnatural sex crimes are in themselves so unusual and distinctive that any previous such acts by the accused with anyone are strongly probative of like acts upon the occasion involved in the charge.' " *Spaulding*, 313 N.W.2d at 881 (quoting Edward W. Cleary, *McCormick's*

*Handbook on the Law of Evidence* § 190, at 449 (2d ed. 1972)). The dissent in *Spaulding* noted the quoted passage from *McCormick* had been taken out of context and the following sentence was more equivocal, stating: " 'but the danger of prejudice is likewise enhanced here, and most courts have in the past excluded such acts with other persons for this purpose. More recent cases show signs of lowering this particular barrier to admission.' " *Id.* at 883 (quoting Edward W. Cleary, *McCormick's Handbook on the Law of Evidence* § 190, at 449–50) (Allbee, J. dissenting).

Notably, after *Spaulding*, this court continued to identify a legitimate and independent issue on which to base admission of prior sexual offenses towards one other than the particular victim. *See Bayles*, 551 N.W.2d at 604–05 (consent); C*asady*, 491 N.W.2d at 785–86 (intent); *Plaster*, 424 N.W.2d at 229–31 (consent); *Spargo*, 364 N.W.2d at 205, 209 (intent); *Walsh*, 318 N.W.2d at 185–86 (identity). In *State v. Mitchell (Mitchell I)*, 633 N.W.2d 295 (Iowa 2001), this court clarified that testimony of prior sexual abuse of a different victim was not admissible to bolster the particular victim's credibility because it was essentially propensity evidence and therefore did not have an "independent relevancy." *Mitchell*, 633 N.W.2d at 300.

Case law recognizes deep concerns over admission of propensity evidence, including prior sexual abuse against a victim other than the one involved in the charged conduct; however, we must determine whether those concerns are rooted in constitutional protections or simply an example of the court's supervisory authority over evidentiary rules. As noted above, an evidentiary rule violates due process if it " 'violates those "fundamental conceptions of justice which lie at the base of our civil and political institutions," which define "the community's sense of

fair play and decency." ' " *Reyes*, 744 N.W.2d at 101 (quoting *Lovasco*, 431 U.S. at 790, 97 S. Ct. at 2049, 52 L. Ed. 2d at 759).

In *Enjady,* the Tenth Circuit summarized the due process arguments against Federal Rule of Evidence 413:[5]  (1) the ban against propensity evidence has been honored by the courts for a long period of time, (2) such evidence creates a presumption of guilt undermining the prosecution's burden, and (3) the evidence licenses the jury to punish a defendant for past acts which erodes the fundamental presumption of innocence.  *Enjady*, 134 F.3d at 1432 (citing *Hurtado v. California*, 110 U.S. 516, 528, 4 S. Ct. 111, 117, 28 L. Ed. 232, 236 (1884); *Estelle*, 502 U.S. at 78, 112 S. Ct. at 485, 116 L. Ed. 2d at 403 (O'Connor, J., concurring)).  The presumption of innocence has been described as "that bedrock 'axiomatic and elementary' principle whose 'enforcement lies at the foundation of the administration of our criminal law.' "  *In re Winship*, 397 U.S. 358, 363, 90 S. Ct. 1068, 1072, 25 L. Ed. 2d 368, 375 (1970) (quoting *Coffin v. United States*, 156 U.S. 432, 453, 15 S. Ct. 394, 403, 39 L. Ed. 481, 491 (1895)).  Chief Justice Warren explained the connection to prior-bad-acts evidence:

> While this Court has never held that the use of prior convictions to show nothing more than a disposition to commit crime would violate the Due Process Clause of the Fourteenth Amendment, *our decisions exercising supervisory power over criminal trials in federal courts, as well as*

---

[5]Scholars and commentators have argued that admitting propensity evidence in sexual abuse or assault cases deprives a defendant of his constitutional right to a fair trial.  *See, e.g.,* William E. Marcantel, *Protecting the Predator or the Prey?  The Missouri Supreme Court's Refusal to Allow Past Sexual Misconduct as Propensity Evidence*, 74 Mo. L. Rev. 211, 230–33 (2009) (arguing the U.S. Supreme Court should follow the Missouri court's reasoning in rejecting propensity evidence); Jason L. Mccandless, *Prior Bad Acts and Two Bad Rules:  The Fundamental Unfairness of Federal Rules of Evidence 413 and 414*, 5 Wm. & Mary Bill Rts. J. 689, 711–14 (1997); Louis M. Natali, Jr. & R. Stephen Stigall, *"Are You Going to Arraign His Whole Life?": How Sexual Propensity Evidence Violates the Due Process Clause*, 28 Loy. U. Chi. L.J. 1 (1996).

*decisions by courts of appeals and of state courts, suggest that evidence of prior crimes introduced for no purpose other than to show criminal disposition would violate the Due Process Clause. Evidence of prior convictions has been forbidden because it jeopardizes the presumption of innocence of the crime currently charged.*

*Spencer v. Texas,* 385 U.S. 554, 572–75, 87 S. Ct. 648, 658–59, 17 L. Ed. 2d 606, 619–20 (1967) (Warren, C.J., concurring in part and dissenting in part) (emphasis added) (footnotes omitted). Other courts have similarly pointed to the fundamental principle excluding propensity evidence:

> " 'there are few principles of American criminal jurisprudence more universally accepted than the rule that evidence which tends to show that the accused committed another crime independent of that for which he is on trial, even one of the same type, is inadmissible.' "

*Hurst v. State,* 929 A.2d 157, 162 (Md. 2007) (quoting *State v. Taylor,* 701 A.2d 389, 392 (Md. 1997)).

Iowa courts similarly ground the rejection of propensity evidence on "fundamental" concerns of fairness and the presumption of innocence. The policy against admissibility of general propensity evidence stems from " 'a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds.' " *Sullivan,* 679 N.W.2d at 24 (quoting *Daniels,* 770 F.2d at 1116). " 'A concomitant of the presumption of innocence is that a defendant must be tried for what he did, not for who he is.' This concept is 'fundamental to American jurisprudence.' " *Id.* at 23–24 (quoting *United States v. Myers,* 550 F.2d 1036, 1044 (5th Cir. 1977); *United States v. Foskey,* 636 F.2d 517, 523 (D.C. Cir. 1980)).

This court has also applied the reasoning that general propensity evidence is fundamentally unfair in the context of prior sexual abuse involving a different victim. In *Cott,* this court based its rejection of the

"lewd disposition exception" on concerns of "unfairness." As the court explained:

> A focus on the criminal or aberrant disposition of the defendant with regard to various victims is exactly the sort of prejudice which the general rule seeks to avoid. By creating an exception of this kind, we would seriously erode the impact of the general rule, proscribing evidence of prior criminal conduct, in the context of sex crimes. The resultant unfairness to those accused of sex crimes is self-evident.

*Cott*, 283 N.W.2d at 327 (footnotes omitted). As one treatise explains, there is no rationale for treating prior sexual offenses differently than all other offenses:

> Unlike the other purposes for other-crimes evidence, the sex-crime exception flaunts the general prohibition of evidence whose only purpose is to invite the inference that a defendant who committed a previous crime is disposed toward committing crimes, and therefore is more likely to have committed the one at bar.

1 Kenneth S. Broun, *McCormick on Evidence* § 190, at 764 (6th ed. 2006) [hereinafter *McCormick on Evidence*].

Based on Iowa's history and the legal reasoning for prohibiting admission of propensity evidence out of fundamental conceptions of fairness, we hold the Iowa Constitution prohibits admission of prior bad acts evidence based solely on general propensity. Such evidence may, however, be admitted as proof for any legitimate issues for which prior bad acts are relevant and necessary, including those listed in rule 5.404(*b*) and developed through Iowa case law. For example, after this court held in *Mitchell I* that evidence of prior sexual abuse of two other victims could not be admitted to demonstrate witness credibility because it was " ' "merely a synonym for propensity," ' " *see Mitchell I*, 633 N.W.2d at 299 (quoting *State v. Glodgett*, 749 A.2d 283, 289 (N.H. 2000)), evidence of that prior sexual abuse was properly admitted on retrial for

the legitimate issue of rebutting a defense theory. *See State v. Mitchell (Mitchell II)*, 670 N.W.2d 416, 421–22 (Iowa 2003).

Our holding today is consistent with *Reyes.* Prior bad acts evidence involving the same victim "has relevance on the underlying criminal charge because it shows the nature of the relationship between the alleged perpetrator and the victim." *Reyes*, 744 N.W.2d at 102. For example, within the domestic violence context, "the defendant's prior conduct directed to the victim of a crime, whether loving or violent, reveals the emotional relationship between the defendant and the victim and is highly probative of the defendant's probable motivation and intent in subsequent situations." *State v. Taylor*, 689 N.W.2d 116, 125 (Iowa 2004). Evidence of prior crimes against the same victim " 'furnishes part of the context of the crime' or is necessary to a 'full presentation' of the case." *See United States v. Masters*, 622 F.2d 83, 86 (4th Cir. 1980) (quoting *United States v. Smith*, 446 F.2d 200, 204 (4th Cir. 1971); *United States v. Weems*, 398 F.2d 274, 275 (4th Cir. 1968)). *Reyes* warned, however, that "[i]n settings involving prior sexual abuse with persons other than the alleged victim, there is a substantial risk that ' "a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment." ' " *Reyes*, 744 N.W.2d at 102 n.1 (quoting *Old Chief*, 519 U.S. at 181, 117 S. Ct. at 650, 136 L. Ed. 2d at 588). Prior crimes against the same victim are relevant to a legitimate issue because the later crimes " 'do not occur single and independent—isolated from all others—but each is connected with some antecedent fact,' " whereas acts against a different victim are "not part of the principal transaction." *People v. Jones*, 335 N.W.2d 465, 466–67 (Mich. 1983) (quoting *People v. Jenness*, 5 Mich. 305, 323–24, 1858 WL 2321, at *11 (1858)).

Unlike the federal courts that have considered this issue, we do not believe evidence of prior bad acts can be admitted for the sole purpose of showing general propensity even if a trial judge considers the balancing test found in Iowa Code section 701.11. *See, e.g., LeMay*, 260 F.3d at 1026. Under the traditional balancing applied when evidence of prior bad acts is admitted for a legitimate issue other than propensity, the trial court must weigh the probative value of the evidence as it relates to the legitimate issue, compared with the unfair prejudice that results from evidence which may inevitably be considered as demonstrating propensity. Under the federal courts' rulings, a trial judge must balance the probative value of general propensity evidence against the prejudicial effect of general propensity evidence. Stated another way, that which makes the evidence more probative—the similarity of the prior act to the charged act—also makes it more prejudicial. As we explained in *Reynolds*, where a prior bad act is "similar to the incident in question, 'it would be extremely difficult for jurors to put out of their minds knowledge that the defendant had assaulted the victim in the past and not allow this information to consciously or subconsciously influence their decision.'" 765 N.W.2d at 292 (quoting *State v. Henderson*, 696 N.W.2d 5, 13 (Iowa 2005)).

Iowa Code section 701.11 violates the due process clause of the Iowa Constitution as applied in this case because it permits admission of prior bad acts against an individual other than the victim in the case to demonstrate general propensity. *See War Eagle Vill. Apartments v. Plummer*, 775 N.W.2d 714, 721–22 (Iowa 2009) (holding statute unconstitutional both as applied based on the facts of the case and on its face). As we previously held, however, the prosecution may constitutionally introduce relevant history with the same victim under

section 701.11. *Reyes*, 744 N.W.2d at 103. Also, the prosecution may introduce evidence of prior relevant sexual abuse against a different victim where the evidence is used to demonstrate a legitimate issue.

**C. Applicability to Cox.** Here, the evidence of prior sexual abuse was improperly admitted into evidence as propensity evidence. However, we must decide whether it could be admitted for a "legitimate issue." If a legitimate issue can be identified, we then consider whether the evidence is unfairly prejudicial compared with the probative value of the legitimate issue. We address these issues because we do not reverse when evidence was improperly admitted based on one particular reason if the evidence could be admitted for other reasons on retrial. *DeVoss v. State*, 648 N.W.2d 56, 62 (Iowa 2002).

Before the trial court, the State suggested the evidence would be admissible to show "proof of motive, opportunity, intent, preparation, plan and some of the other purposes for which prior bad acts are admissible." Therefore, to determine whether these prior bad acts were admissible, we must consider whether they were relevant to one of these legitimate issues other than propensity.

1. *Opportunity, preparation.* Before the district court, the State listed the exceptions found in rule 5.404(*b*) and "some other purposes for which prior bad acts are admissible." It does not appear that opportunity and preparation were legitimate issues in this particular case. The testimony of A.L. and T.C. does not establish opportunity or preparation for the offense allegedly committed against J.M. because A.L. and T.C. testified regarding separate incidents at separate times.

2. *Common scheme or plan.* The State argued to the trial court that because the victims of the charged and uncharged conduct were all cousins, and some of the abuse took place at the same location and stage

in their lives, it demonstrated a common scheme or plan. The State argued that although this was not a "signature crime," it shows a "pattern of behavior."

The test for a common scheme or plan is not simply a pattern of prior bad acts. "Common scheme or plan means more than the commission of two similar crimes by the same person." *State v. Wright*, 191 N.W.2d 638, 641 (Iowa 1971). "Evidence of other crimes should never be admitted when it appears the defendant committed them wholly independent of the one for which he is then on trial." *Id.* "There must be some connection between the crimes." *Id; see also* 1 *McCormick on Evidence* § 190, at 755 ("Although some courts construe 'common plan' more broadly, each crime should be an integral part of an overarching plan explicitly conceived and executed by the defendant or his confederates."); *Brett v. Berkowitz*, 706 A.2d 509, 516 (Del. 1998) ("Mere repetition of sexual behavior is not evidence of a plan or scheme . . . .")

In *Cott*, this court addressed whether sexual abuse of someone other than the victim of the charged crime could be considered a common scheme or system of criminal activity. The court rejected that argument because "[t]he fact that defendant committed crimes of the same nature against the two girls is insufficient to bring the testimony within that exception." *Cott*, 283 N.W.2d at 328. Such testimony did not show that one crime "was 'dependent upon or connected with' the other, nor would it 'complete the story of the crime on trial by proving its immediate context of happenings near in time and place.'" *Id.* (quoting *Wright*, 191 N.W.2d at 641; *State v. Wright*, 203 N.W.2d 247, 251 (Iowa 1972)).

Here there has been no suggestion of a common scheme or plan that would necessitate the admissibility of A.L.'s and T.C.'s testimony to

complete the story of the crime against J.M. The evidence demonstrates Cox essentially committed crimes of availability against his cousins, which demonstrates nothing more than propensity. J.M., T.C., and A.L. all testified to a pattern of abuse they suffered as children and young adults, but none of the incidents of abuse against T.C. or A.L. are alleged to have occurred on the same day or connected to an incident of abuse against J.M. None of the testimony by T.C. or A.L. was necessary to "complete the story" of the crimes against J.M. or to provide the " 'immediate context of happenings near in time and place.' " *Id.* (quoting *Wright*, 203 N.W.2d at 251).

3. *Modus operandi.* Although the State stated before the district court that the additional evidence was "not exactly, I guess, what we would refer to as a signature crime," we consider the modus operandi exception. "Modus operandi is ' "a distinct pattern or method of procedure thought to be characteristic of an individual criminal[] and habitually followed by him." ' " *Plaster*, 424 N.W.2d at 231 (quoting *Youngblood v. Sullivan*, 628 P.2d 400, 402 (Or. Ct. App. 1981)). Modus operandi is typically relevant as a subset of identity. *Id.* at 231 n.1 ("Modus operandi is usually used to establish identity."); *United States v. Williams*, 985 F.2d 634, 637 (1st Cir. 1993) ("Evidence of *modus operandi* is admissible under Rule 404(b) to prove identity . . . ."); *Hurst v. State*, 929 A.2d 157, 166 (Md. 2007) ("The *modus operandi* exception is a subset of the identity exception under Rule 5-404(b).").

We have also used modus operandi to admit evidence for the legitimate issue of countering a defense of consent in a sexual assault case. *Plaster,* 424 N.W.2d at 231. However, to expand modus operandi to all similar crimes without requiring that they be offered to demonstrate a legitimate issue would simply admit prior bad acts to

show propensity. *See State v. Vorhees*, 248 S.W.3d 585, 590–91 (Mo. 2008) (holding modus operandi is only appropriate to demonstrate identity because modus operandi used to corroborate the victim is "at base, propensity evidence masquerading under the well-recognized identity exception"). When modus operandi is used to admit evidence of prior bad acts as a subset of identity or to negate a defense of consent, the evidence is relevant to a legitimate issue. When a defendant argues a crime was committed by another person or when the victim is unable to identify the defendant, a strikingly similar crime may be admitted to demonstrate it was the defendant who committed the charged crime. Here, identity was not at issue because J.M. was able to identify Cox, and Cox did not raise a defense of mistaken identity. Further, consent was not an available defense in this particular case, and Cox did not allege the acts were consensual.

4. *Motive, intent.* There are numerous ways in which prior sexual abuse of one other than the victim may become relevant to motive or intent; however, there is no argument that they are present in this case. For example, prior bad acts may be relevant to demonstrate motive or intent when a defendant claims touching was accidental. *Cf. State v. Elston*, 735 N.W.2d 196, 200 (Iowa 2007) (noting within the context of a motion to sever that pornographic images of young females tended to prove touching of victim was not accidental). Similarly, this court has allowed evidence of prior bad acts when an individual is charged with assault with intent to commit sexual abuse. In *Casady*, 491 N.W.2d at 785–86, this court allowed admission of evidence showing the defendant had previously pulled women into his car and sexually assaulted them in order to demonstrate the defendant's intent when he unsuccessfully tried to pull a girl into his car. In *Spargo*, 364 N.W.2d at 209, this court

admitted evidence of the defendant's previous sexual activities with adolescents to support a charge of assault with intent to commit sexual abuse. Here, however, the State was not required to prove specific intent, only that the alleged sexual conduct occurred with J.M. *See Lamphere v. State*, 348 N.W.2d 212, 217 (Iowa 1984) ("Second-degree sexual abuse . . . is not a specific intent crime . . . ."); *State v. Tague*, 310 N.W.2d 209, 211 (Iowa 1981) (rejecting defendant's argument that intent is an element of sexual abuse in the third degree); *compare* Iowa Code § 709.8 (elements of lascivious acts with a child include that such acts were committed or permitted "for the purpose of arousing or satisfying the sexual desires of either of [the offender or the child]"). The State has not demonstrated any way in which motive or intent would be supported by the prior bad acts evidence.

**D. Harmless Error.** Because we hold the testimony of A.L. and T.C. was improperly admitted at trial, we consider whether the error was harmless. To establish harmless error when a defendant's constitutional rights have been violated, the State must prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. *State v. Walls*, 761 N.W.2d 683, 686 (Iowa 2009). Cox was prosecuted for incidents of vaginal rape against J.M. occurring between January 1, 2003, and October 31, 2005. T.C. testified to two separate acts of fondling by Cox. A.L. testified to at least five instances of prior sexual abuse by Cox, including forced oral sex and anal rape. The large number and variety of prior sex abuse admitted into evidence leads us to conclude that their admission was not harmless error. Therefore, we reverse Cox's conviction and remand for retrial.

Although it does not appear the testimony of A.L. and T.C. was relevant to any "legitimate issue" and therefore was not appropriately

admitted, we express no opinion regarding whether the evidence may become relevant to a legitimate issue and be admissible on retrial. In *Mitchell I*, this court held that evidence of prior sex abuse of individuals other than the victim of the charged crime could not be admitted under the theory that it bolstered the witness' credibility or a lewd disposition exception. *Mitchell I,* 633 N.W.2d at 299. However, after retrial, this court held evidence of prior sex abuse of other individuals was properly admitted in response to a specific defense theory. *See Mitchell II*, 670 N.W.2d at 421–22. Based on the record before this court, we hold the testimony of A.L. and T.C. was not relevant to the legitimate issues identified in rule 5.404(*b*); however, we do not opine on whether that may change as the case proceeds on retrial.

## IV. Conclusion.

Admitting evidence of a defendant's sexual abuse of other victims under Iowa Code section 701.11 based only on its value as general propensity evidence violates the due process clause of the Iowa Constitution. Therefore, it was improper for individuals other than the victim J.M. to testify regarding prior acts of sexual abuse where there was no legitimate issue other than propensity to which they were relevant.

**JUDGMENT REVERSED AND CASE REMANDED.**

All justices concur except Baker, J., who takes no part.