# IN THE COURT OF APPEALS OF IOWA

No. 15-1145
Filed June 15, 2016

**CHARLES LEROY ZIPPRICH,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Lee (South) County, John M. Wright, Judge.

        An applicant appeals from the district court's summary dismissal of his application for postconviction relief. **AFFIRMED.**

        William C. Glass, Keosauqua, for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

        Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**POTTERFIELD, Judge.**

Charles Zipprich appeals from the district court's dismissal of his application for postconviction relief. Zipprich maintains the district court erred when it ruled that his application was untimely and summarily dismissed it.

**I. Background Facts and Proceedings**

In 2000, Zipprich was convicted of four counts of sexual abuse in the second degree. The four counts were based on acts with two different victims, and both testified at the jury trial.

Zipprich filed a direct appeal, and a panel of this court affirmed his convictions. *See State v. Zipprich*, No. 00-1847, 2002 WL 571634, at *4 (Iowa Ct. App. Mar. 13, 2002). Procedendo issued on May 30, 2002.

In December 2014, Zipprich filed a pro se application for postconviction relief. The State answered and asserted the application should be dismissed for being time-barred by Iowa Code section 822.3 (2013). Zipprich was appointed counsel, and he filed an amendment to his application, in which he argued his trial counsel was ineffective for failing to move to sever his charges of sexual abuse for each alleged victim.[1] He maintained his application was not time-barred because a supreme court decision in 2010 "declared that evidence involving two alleged victims in one trial is not allowed in Iowa," and he could not have raised that ground of law during the applicable period.

---

[1] Zipprich also claimed his direct appeal counsel was ineffective for failing to argue his trial counsel was ineffective.

The State moved for summary disposition. The district court granted the motion to dismiss, concluding the supreme court's 2010 decision was not retroactive and Zipprich's claims were time-barred.

Zipprich appeals.

## II. Standard of Review

We review postconviction proceedings for errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). This includes summary dismissals of applications for postconviction relief. *Id.* In determining whether summary judgment was appropriate, the moving party has the burden of proving the material facts are undisputed. *Id.* We examine the facts in the light most favorable to the applicant. *Id.*

## III. Discussion

Zipprich maintains that the district court erred when it dismissed his application for postconviction relief for being time-barred. He argues that the supreme court's ruling in *State v. Cox*, 781 N.W.2d 757, 759 (Iowa 2010), created a constitutional right regarding the exclusion of prior bad acts evidence that must be applied retroactively to his situation involving two victims and four counts, and that the ruling created an exception to the statute of limitations.

In *Cox*, our supreme court considered the constitutionality of Iowa Code section 701.11 (2009), which provided, in part, "In a criminal prosecution in which a defendant has been charged with sexual abuse, evidence of the defendant's commission of another sexual abuse is admissible and may be considered for its bearing on any matter for which the evidence is relevant." 781 N.W.2d at 761–62. The court ultimately concluded the statute was unconstitutional under the

Iowa Constitution because it allowed evidence of a defendant's prior sexual abuse with other victims in order to show a general propensity rather than for a legitimate issue at trial. *Id.* The court ruled that evidence of the prior bad acts may only be admitted pursuant to Iowa Rule of Evidence 5.404(b), which provides evidence of other crimes, wrongs, or acts may be admissible as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* at 768.

Even if Zipprich is correct that *Cox* created a retroactive constitutional right that he could not have argued within the three-year statute of limitation, it is unclear how the ruling would apply to him. Iowa Code section 701.11 was not enacted until 2003, *see* 2003 Iowa Acts ch. 132, § 1, and Zipprich was convicted in 2000. In other words, the alleged failure of Zipprich's trial counsel to move to sever the trial for each of the alleged victims was not related to or affected by the code section that was ultimately struck down by our supreme court. If trial counsel were ineffective for failing to move to sever the trials, Zipprich could have and should have brought that claim within the statute of limitations.[2] Zipprich's application, filed twelve years after procedendo issued, is not based on a "ground of fact or law that could not have been raised within the applicable time period." *See* Iowa Code § 822.3. As such, Zipprich's application is time-barred, and we affirm the district court's summary dismissal.

**AFFIRMED.**

---

[2] The State argues that even if *Cox* revived the statute of limitations, the consequent three-year window would have expired in 2013, over a year before this application was filed. We agree. *See Lawrence v. State*, No. 10-1238, 2011 WL 768785, at *2 (Iowa Ct. App. Mar. 7, 2011).