# IN THE SUPREME COURT OF IOWA

No. 55 / 05-1000

Filed January 25, 2008

**STATE OF IOWA,**

    Appellee,

vs.

**RAYMOND REYES,**

    Appellant.

_____

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Pottawattamie County, Timothy O'Grady, Judge.

Defendant appeals conviction of sexual abuse, claiming that the district court erred in admitting evidence of a prior assault involving the same victim. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Matthew D. Wilber, County Attorney, and Daniel McGinn and Shelley Sedlak, Assistant County Attorneys, for appellee.

**APPEL, Justice.**

In this case, we must decide whether a defendant accused of sexual abuse of his minor niece is entitled to a new trial where the trial court admitted evidence of a prior sexual assault involving the same victim. In addition, the defendant claims that he was denied effective assistance of counsel as a result of his attorney's failure to object to several jury instructions. For the reasons expressed below, we affirm his conviction and preserve in part his claim of ineffective assistance of counsel for postconviction relief.

## I. Factual and Procedural Background.

The minor involved in this case, AG, was twelve years old at the time of trial. She and her younger brother often visited their maternal grandparents in Council Bluffs during weekends and school breaks. When visiting her grandparents, AG sometimes slept upstairs on a couch, but often slept downstairs in the family room on an air mattress.

Sometime in 2003, the defendant Raymond Reyes and his wife were also visiting AG's grandparents. Reyes is an uncle to AG and her brother. After watching television with her grandparents, AG carried her little brother, who had fallen asleep, into the family room for the night. Both AG and her little brother slept on the air mattress. Reyes was also sleeping in the family room on a couch when AG fell asleep. Reyes' wife was sleeping in a downstairs bedroom adjacent to the family room.

AG testified that she was awakened during the night and found Reyes having sexual intercourse with her. She testified in detail that her pajama pants and underwear had been pulled down to her ankles. Her brother had rolled off the air mattress during the night and slept through the attack. Once awake, AG stated that she attempted to get out from under the

defendant. AG further asserted that Reyes told her to be quiet and hold still. AG testified that after Reyes got off of her, she felt a liquid on the inside of her thighs, which she wiped off. She then fell asleep.

At first, AG did not tell anyone of the attack. At trial, she testified that she felt ashamed and guilty. Finally, over a year after the attack, she told a friend, Austin Piekos, about the incident, but at first suggested only that Reyes had penetrated her digitally. Later, however, AG told the friend that Reyes had, in fact, had sexual intercourse with her.

A couple months after confiding in her friend, AG further confided in the friend's mother, Bonnie Piekos. Around the same time, AG had a discussion concerning her holiday plans with the school nurse. AG stated that she was not looking forward to Christmas because her uncle was a "pervert." When the school nurse inquired further, AG disclosed to her that Reyes had attacked her in the past. The nurse reported AG's statements to a school counselor. Reyes was subsequently arrested and charged with sexual abuse in the second degree.

On the day of trial, Reyes moved to exclude testimony from AG that Reyes had previously sexually abused her. Reyes claimed that any such testimony violated Iowa Rule of Evidence 5.404(b), which generally provides that evidence of prior bad acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. The State countered that the evidence was being offered to show "pattern." The State further asserted that such evidence was not prejudicial because the case already involved sex abuse and was probative because it involved the same victim. The district court ruled that the evidence of the prior sexual assault could be offered by the State at trial.

At trial, AG offered testimony regarding the previous attack, which allegedly occurred in Lincoln, Nebraska, more than a year prior to the crime alleged by the State. AG admitted that she had not revealed this attack to any of her confidants and had originally told police that there were no such prior incidents.

AG also offered testimony regarding the assault charged by the State. There were, however, some inconsistencies in the evidence. AG testified that the assault took place in the summer of 2003. Mrs. Piekos, however, testified that AG told her that the assault had occurred on March 15, 2003. The testimony of Mrs. Piekos was corroborated to some extent by AG's grandfather, who testified that he checked his calendar and believed that AG visited him from March 13–15, 2003.

The evidence at trial also showed that AG made inconsistent statements regarding the issue of whether Reyes spoke to her during the attack. Prior to trial, AG told the police that she did not recall whether Reyes said anything to her during the assault. At trial, however, AG testified that Reyes told her to be quiet and lay still during the attack.

The medical testimony at trial was inconclusive. There was no evidence of physical injury at the time of the examination, but there was medical testimony that noticeable injury would be unlikely in a young girl such as AG who was at the onset of puberty.

The only witness to testify on behalf of the defense was Reyes himself. Reyes' direct testimony was limited to a general denial of the charge, but the State offered into evidence a tape recording of a police interview conducted at Reyes' home. In the interview, Reyes initially denied the attack, but then recounted a dream that he had while staying at his in-laws' home in 2003. Reyes remembered dreaming that he had fallen asleep on the couch

downstairs and woke up in the family room with the dog licking his face. He then went to the bathroom and went to bed. Reyes further stated that if anything happened to AG, it occurred while he was sleeping. The unedited tape of the interview includes statements made by the police officers conducting the interview as well as comments by Reyes himself.

Prior to submission of the case to the jury, the court instructed the jury regarding the proper use of the prior sexual abuse. Specifically, Instruction No. 25 stated:

> You have heard evidence that the defendant allegedly committed other acts with [AG] before the summer of 2003. If you decide the defendant committed these other acts, you may consider those acts only to determine whether the defendant has a sexual passion or desire for [AG]. You may not consider them as proving that the defendant actually committed the act charged in this case.

Counsel for Reyes did not object to this prior bad acts instruction. In addition, counsel did not seek an instruction limiting the use of police statements made in the taped interview.

The jury convicted Reyes after the July 2005 trial. Reyes filed an appeal which asserted that the evidence of the prior assault was improperly admitted and that trial counsel provided ineffective assistance of counsel in connection with his failure to object to Instruction No. 25 and for failing to request a limiting instruction on the use of the police interview. We referred the case to the court of appeals. The court of appeals determined that the evidence regarding the prior sexual assault was properly admitted under Iowa Rule of Evidence 5.404(*b*). On the ineffective assistance claim, the court of appeals found the record inadequate on direct appeal and preserved the claim for postconviction relief.

## II. Standard of Review.

We review rulings on the admission of evidence of prior bad acts for an abuse of discretion. *State v. White*, 668 N.W.2d 850, 853 (Iowa 2003). "An abuse of discretion occurs when the trial court 'exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable.' " *State v. Greene*, 592 N.W.2d 24, 27 (Iowa 1999) (quoting *State v. Smith*, 522 N.W.2d 591, 593 (Iowa 1994)). To the extent constitutional claims are at issue, our review is de novo. *State v. Piper*, 663 N.W.2d 894, 901 (Iowa 2003).

## III. Discussion.

### A. Admission of Prior Sexual Abuse Involving Same Victim.

1. *Applicable Law.* In this case, we confront a preliminary issue in connection with the admission of prior bad act evidence. At trial, the State relied on Iowa Rule of Evidence 5.404(*b*) for the admission of the prior bad acts evidence. This rule of evidence provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity with the prior criminal acts. Iowa R. Evid. 5.404(*b*). The prior criminal acts may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.*

The Iowa legislature, however, in 2003 enacted Iowa Code section 701.11 (2005). 2003 Iowa Acts ch. 132, § 1. Section 1 of this new Code provision provides,

> In a criminal prosecution in which a defendant has been charged with sexual abuse, evidence of the defendant's commission of another sexual abuse is admissible and may be considered for its bearing on any matter for which the evidence is relevant. This evidence, though relevant, may be excluded if the probative value of the evidence is substantially outweighed

> by the danger of unfair prejudice, confusion of the issues, or
> misleading the jury, or by considerations of undue delay, waste
> of time, or needless presentation of cumulative evidence. This
> evidence is not admissible unless the state presents clear proof
> of the commission of the prior act of sexual abuse.

Iowa Code § 701.11(1).

Under Iowa law, section 701.11 was fully applicable at Reyes' trial in 2005. *State ex rel Buechler v. Vinsand*, 318 N.W.2d 208, 210 (Iowa 1982); *State ex rel. Leas in Interest of O'Neal*, 303 N.W.2d 414, 420 (Iowa 1981). The State, however, only contended that the prior sexual assault was admissible under Iowa Rule of Evidence 5.404(*b*). After submission of this appeal, this court asked for supplemental briefing on the question of whether Iowa Code section 701.11(1) provided a basis for admission of the challenged evidence notwithstanding the failure of the State to assert either at trial or on appeal that the evidence was admissible under this new Code provision.

Specifically, the parties were directed to brief the issue of whether the rule of evidence established in *DeVoss v. State*, 648 N.W.2d 56 (Iowa 2002), applied in this case. In *DeVoss*, we held that general error preservation requirements do not foreclose this court's consideration of alternate grounds for the admission of evidence on appeal. 648 N.W.2d at 62. The rule in *DeVoss* is based on the common sense notion that a conviction should not be reversed where evidence is erroneously admitted on the theory advanced by the prosecution at trial, but would be fully admissible on retrial on an alternate theory. *Id.* There is no sense in requiring a retrial based on erroneous admission of evidence if the identical evidence would be admissible on retrial.

Reyes recognizes the *DeVoss* principle but objects on procedural grounds. Reyes contends that under Iowa Code section 701.11(2), notice of intent to offer evidence of a prior sexual act must be provided ten days prior

to trial. Iowa Code § 701.11(2). In this case, the record only shows that an oral motion in limine was raised the day of trial. While it is clear that the defendant knew of the State's intention to offer prior bad acts evidence at some time prior to trial, the record does not establish whether Reyes learned of the State's intention to offer the evidence *ten days* prior to trial. The State responds, however, that Reyes plainly had adequate notice of the State's intention and that, in any event, if there was not ten days notice, Iowa Code section 701.11(2) allows the court "for good cause" to permit disclosure less than ten days prior to trial. *Id.* The State asserts that its failure to comply with the notice requirement "could have and likely would have" been excused by the trial court in this case.

We conclude the notice issue is a red herring. Reyes does not contend that he was in any way prejudiced by the lack of notice at trial. In light of this lack of prejudice, there is little reason to require a retrial if the prior bad acts evidence, though arguably not admissible under Iowa Rule of Evidence 5.404(*b*), is admissible on retrial under Iowa Code section 701.11. The real issue under *DeVoss* is not what kind of notice occurred at trial, but instead is whether the State could meet the statutorily established notice requirements should there be a retrial. Clearly at a putative retrial, the State would meet the ten-day notice requirement.

Reyes further contends that under Iowa Code section 701.11(1), the court is required to balance the probative value of the evidence against the prejudice to the defendant. Reyes contends that the district court did not engage in this assessment. We disagree. At the motion in limine hearing, the State specifically argued that the probative value of the prior bad acts testimony involving the same alleged victim outweighed any prejudicial impact. Although the district court did not expressly rule on the balancing

issue in its oral denial, the district court necessarily considered the issue of balancing. *State v. Long*, 628 N.W.2d 440, 447 (Iowa 2001).

Further, on retrial, it is clear that the evidence would be admissible under Iowa Code section 701.11(1). The evidence elicited at trial concerning the prior sexual assault was concise, direct, and noninflamatory, and of a nature similar to that in the underlying charge. The evidence was not of a nature that would have incited "overmastering hostility" toward Reyes. *White*, 668 N.W.2d at 855. It is thus not subject to exclusion under section 701.11(1) on the grounds that its probative value was substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury. *United States v. Mound*, 149 F.3d 799, 802 (8th Cir. 1998).

Aside from these procedural challenges, Reyes also suggests that the *DeVoss* rule is inapplicable because the State does not have "clear proof" of the prior sexual assault. We conclude, however, that direct testimony from the victim of a prior alleged assault, as a matter of law, is sufficient "clear proof" to meet the code requirement. *State v. Jones*, 464 N.W.2d 241, 243 (Iowa 1990).

2. *Due Process Challenge to the Constitutionality of Iowa Code section 701.11.* Reyes also challenges the constitutionality of Iowa Code section 701.11(1) on due process grounds. Specifically, Reyes claims that the application of Iowa Code section 701.11 would violate his right to due process under Article I, section 9 of the Iowa Constitution. The thrust of Reyes' argument is that a person should be found guilty of a crime not based on who he or she is, but upon the specific facts of the case. Although Reyes' challenge is based on due process under the Iowa Constitution, he does not offer or suggest a framework different than that under the United

States Constitution. As a result, we consider the legal standard under the Iowa Constitution as identical to that under the United States Constitution. *Callender v. Skiles*, 591 N.W.2d 182, 187 (Iowa 1999).

The United States Supreme Court has left open the question of whether a state law permitting admission of propensity evidence violates due process under the United States Constitution. *Estelle v. McGuire*, 502 U.S. 62, 75 n.5, 112 S. Ct. 475, 484 n.5, 116 L. Ed. 2d 385, 401 n.5 (1991). Lower federal courts, however, have generally upheld the admission of evidence regarding prior bad acts under Federal Rules of Evidence 413 and 414, which are nearly identical to Iowa Code section 710.11. *United States v. LeMay*, 260 F.3d 1018 (9th Cir. 2001); *Mound*, 149 F.3d at 799; *United States v. Castillo*, 140 F.3d 874 (10th Cir. 1998); *United States v. Enjady*, 134 F.3d 1427 (10th Cir. 1998).

When evaluating the constitutionality of rules of evidence under due process attack, the traditional approach has been to invalidate an evidentiary rule only if it "violates those 'fundamental conceptions of justice which lie at the base of our civil and political institutions,' which define 'the community's sense of fair play and decency.' " *United States v. Lovasco*, 431 U.S. 783, 790, 97 S. Ct. 2044, 2049, 52 L. Ed. 2d 752, 759 (1977) (citations omitted). The United States Supreme Court has declared that courts should construe the category of evidentiary rules that violate this rule "very narrowly." *Dowling v. United States*, 493 U.S. 342, 352, 110 S. Ct. 668, 674, 107 L. Ed. 2d 708, 720 (1990).

In determining whether an evidentiary rule meets the *Lovasco* standard, historical practice is a relevant factor. *Montana v. Egelhoff*, 518 U.S. 37, 43–44, 116 S. Ct. 2013, 2017–18, 135 L. Ed. 2d 361, 368 (1996). The historical practice with respect to the admissibility of prior sexual acts

is ambiguous at best. About half the states have developed a "lustful disposition" or "depraved sexual instinct" exception which allows evidence of prior sexual misconduct involving children to be admitted into evidence. Mary Christine Hutton, *Commentary: Prior Bad Acts Evidence in Cases of Sexual Contact with a Child,* 34 S.D. L. Rev. 604, 614 n.47 (1989). In other jurisdictions, evidence of prior sexual abuse has been excluded even in cases involving sexual misconduct involving the same child victim. *Getz v. State,* 538 A.2d 726 (Del. 1998); *Lannan v. State,* 600 N.E.2d 1334 (Ind. 1992).

In Iowa, our approach to the admissibility of prior acts of sexual abuse has evolved over time. Older cases have admitted evidence of prior bad acts to demonstrate a defendant's "lustful disposition" toward a particular victim or generally to show abnormal sexual proclivities such as pedophilia. *State v. Neubauer,* 145 Iowa 337, 124 N.W. 312 (1910); *State v. Trusty,* 122 Iowa 82, 97 N.W.2d 989 (1904).

More recently, however, this court has narrowed the scope of admissibility of prior sexual abuse in criminal cases. This court in *State v. Spaulding,* 313 N.W.2d 878 (Iowa 1981), held that prior sexual abuse was admissible " 'to show a passion or propensity for illicit sexual relations *with the particular person* concerned in a criminal trial.' " 313 N.W.2d at 880 (emphasis added; citation omitted). Twenty years after *Spaulding,* this court held in *State v. Mitchell,* 633 N.W.2d 295 (Iowa 2001), that prior sexual misconduct involving *different victims* was not admissible. 633 N.W.2d at 300.

In a recent case involving prior bad acts not involving sexual abuse, this court stressed that prior bad act evidence "must be relevant and material to a *legitimate* issue in the case other than a general propensity to

commit wrongful acts." *State v. Sullivan*, 679 N.W.2d 19, 25 (Iowa 2004). In the post-*Sullivan* case of *State v. Taylor*, 689 N.W.2d 116 (Iowa 2004), the court considered whether prior instances of domestic abuse against the same person were admissible in a domestic assault proceeding. In *Taylor*, we held that such evidence was admissible, noting that domestic violence is never a single isolated instance but is a pattern of behavior, with each incident connected to the others. 689 N.W.2d at 129 n.6.

The Iowa case law demonstrates that the rule announced in Iowa Code section 701.11, to the extent it applies to prior sexual abuse of the same victim, conforms to historical practice. *Montana*, 518 U.S. at 43–44, 116 S. Ct. at 2017–18, 135 L. Ed. 2d at 368. As a result, historical usage does not support a due process violation with respect to the admission of prior sexual misconduct involving the same victim. *Castillo*, 140 F.3d at 882.

We recognize that history and tradition is the starting point, but not necessarily the ending point of due process analysis in all cases. *State v. Seering*, 701 N.W.2d 655, 664 (Iowa 2005). The mere fact that a practice is ancient does not mean it is embodied in the constitution. *Enjady*, 134 F.3d at 1432. The existence of prior sexual abuse involving the same alleged perpetrator and victim, however, has relevance on the underlying criminal charge because it shows the nature of the relationship between the alleged perpetrator and the victim. Further, the potential of undue prejudice where prior sexual abuse evidence is admitted in cases involving the same alleged perpetrator and victim is far less than in cases where the prior bad acts involve other alleged victims. We hold that a defendant's fundamental right to a fair trial is not jeopardized by the admission of such evidence. *LeMay*, 260 F.3d at 1027; *Mound*, 149 F.3d at 800; *Castillo*, 140 F.3d at 881–83;

*Enjady*, 134 F.3d at 1431; *United States v. Wright*, 48 M.J. 896, 901 (A.F. Crim. Ct. App. 1998).[1]

We further note that to the extent the admission of prior acts of sexual abuse involving the same victim raises potential fairness concerns due to the inflammatory or unduly prejudicial nature of the evidence, Iowa Code section 701.11 vests discretion in trial courts to exclude the evidence. Federal appellate courts have held that the existence of such a safety valve is a factor which alleviates potential due process problems posed by the admission of prior acts of sexual misconduct. *Enjady,* 134 F.3d at 1433; *Kerr v. Caspari*, 956 F.2d 788, 790 (8th Cir. 1992).

We hold that in this case, admission of prior sexual abuse involving the same victim does not amount to a constitutional violation of due process. The evidence was thus not offered to show a *general propensity* to be attracted sexually to young girls, but instead to demonstrate the nature of the defendant's relationship and feelings toward a *specific* individual. We also hold that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury. The evidence of prior sexual abuse was offered in a direct, concise, and noninflamatory fashion and was similar to the underlying charge against Reyes. *Mound*, 149 F.3d at 802. The admission of the evidence of prior acts of sexual abuse involving the same alleged perpetrator and alleged victim is therefore consistent with Iowa Code section 701.11 and with the due process guarantee under the Iowa Constitution.

---

[1]In settings involving prior sexual abuse with persons other than the alleged victim, there is a substantial risk that " 'a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment. . . ." *Old Chief v. United States*, 519 U.S. 172, 181, 117 S. Ct. 644, 650, 136 L. Ed. 2d 574, 588 (1997) (quoting *United States v. Moccia*, 681 F.2d 61, 63 (lst Cir. 1982)). We express no view regarding the constitutionality of Iowa Code section 701.11 where the prior acts of sexual abuse involve persons other than the current alleged victim.

**B. Claims of Ineffective Assistance of Counsel**. Reyes claims his trial counsel was ineffective because of his failure to properly handle jury instructions. His first claim of ineffective assistance arises from his counsel's failure to object to Instruction No. 25. As noted above, the instruction told the jury that it was to use evidence of the prior sexual incident only to show that Reyes had a sexual desire toward AG and not to prove that Reyes actually committed the crime in this case. Reyes claims that his counsel should have objected to the instruction on the ground that it did not advise that "the weight and significance of the evidence, if any, is for the jury to decide. . . ." *See People v. Falsetta*, 986 P.2d 182, 192 (Cal. 1999).

We ordinarily preserve claims of ineffective assistance of counsel for postconviction relief proceedings. *State v. Tate*, 710 N.W.2d 237, 240–41 (Iowa 2006). With respect to the challenge to Instruction No. 25, however, we find that the record on this issue is sufficient to allow us to resolve the issue on direct appeal. Instruction No. 25 specifically states that the evidence of prior sexual assault was relevant "only if you decide that the defendant committed these other acts." Further, the instruction limited the use of the evidence to establish that Reyes had sexual passion or desire for AG. It further clearly stated that the evidence could not be used to determine whether the underlying offense was committed. While the phrasing could have been more elaborate, we do not believe counsel provided ineffective assistance because of his failure to object to this generally accurate instruction. *See State v. Oliver*, 341 N.W.2d 744 (Iowa 1983) (holding no error where any ambiguity in instruction was hypertechnical and speculative).

Reyes also argues that counsel was ineffective in light of his failure to seek a limiting instruction in connection with the taped interview Reyes gave to law enforcement officers prior to his arrest. Reyes argues that the jury should have been instructed that the officers' statements were to be considered only to establish the context of Reyes' statements and not for the truth of the matters asserted. On this issue, we agree with the court of appeals that the record is not sufficiently developed to allow for disposition on direct appeal. Counsel may have had strategic concerns for not seeking the instruction that are not illuminated in the record on appeal. *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002). We preserve the issue for postconviction relief proceedings.

### IV. Conclusion.

For the reasons expressed above, Reyes' conviction is affirmed. His challenge related to a limiting instruction in connection with the tape recorded interview is preserved for postconviction relief.

**AFFIRMED.**

All justices concur except Hecht, J., who takes no part.