# IN THE SUPREME COURT OF IOWA

No. 07–1813

Filed December 11, 2009

**STATE OF IOWA,**

    Appellant,

vs.

**CHAD ALBERT GODFREY,**

    Appellee.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Story County, Michael J. Moon, Judge.

State seeks further review of court of appeals opinion affirming district court order compelling State to provide home addresses of witnesses in minutes of testimony. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT ORDER REVERSED AND CASE REMANDED.**

Thomas J. Miller, Attorney General, Mary Tabor and Darrel L. Mullins, Assistant Attorneys General, Stephen H. Holmes, County Attorney, and Keisha F. Cretsinger, Assistant County Attorney, for appellant.

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant State Appellate Defender, for appellee.

**PER CURIAM.**

The State charged Chad Godfrey by trial information with multiple crimes and filed minutes of testimony of numerous witnesses in support of the charges. The home address of only one witness was listed in the minutes.

Godfrey filed a motion to compel compliance with Iowa Rule of Criminal Procedure 2.5(3). In the motion, Godfrey argued rule 2.5(3) required the State to provide the home address of each witness as part of the minutes of testimony. The State resisted the motion. The State argued rule 2.5(3) must be interpreted to require only the witness' city, county, or state.

Ultimately, the district court interpreted rule 2.5(3) to require the home address for each witness to be included in the minutes of testimony. Accordingly, the district court ordered the State to provide the home address of each witness. The State sought discretionary review. We granted review and transferred the case to the court of appeals. The court of appeals agreed with the analysis of the district court and affirmed. The State sought further review, which we granted.

After granting further review, we adopted Iowa Rule of Criminal Procedure 2.11(12). The new rule governs disclosure of the addresses of witnesses in minutes of testimony. The new provisions do not relate to the substantive elements of the crimes charged, but pertain only to the procedure for adjudicating the criminal charges leveled against a defendant. Consequently, the amendment is applied retrospectively and resolves the dispute raised on appeal. *See State v. Reyes*, 744 N.W.2d 95, 99 (Iowa 2008) (holding subsequently enacted evidentiary statute applicable to retrial on remand); *State ex rel. Leas in re O'Neal*, 303 N.W.2d 414, 419–20 (Iowa 1981) (holding strictly procedural (nonsubstantive) changes in the law are applied retrospectively).

We reverse the decision of the district court and remand the case to the district court to consider the motion to compel under rule 2.11(12) as amended. Accordingly, we vacate the decision of the court of appeals, reverse the district court's order requiring disclosure of the home addresses of the witnesses, and remand the case for further proceedings.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT ORDER REVERSED AND CASE REMANDED.**

This opinion shall be published.