# IN THE COURT OF APPEALS OF IOWA

No. 17-2045
Filed October 24, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ONTERIER BROWN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, David M. Porter, Judge.


        Onterier Brown appeals from convictions and sentences imposed after a jury found him guilty of three counts of sexual abuse in the third degree and one count of incest.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.


        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**DANILSON, Chief Judge.**

Onterier Brown appeals from the convictions and sentences imposed after a jury found him guilty of three counts of sexual abuse in the third degree, in violation of Iowa Code section 709.4(1)(a), and one count of incest, in violation of section 726.2, for conduct alleged to have occurred between June 2013 and May 2015.[1]  At trial, he admitted he fathered the complainant's child, but denied the sexual conduct was "against the will of" the complainant.  The jury found otherwise, and the court imposed consecutive sentences totaling thirty-five years.

On appeal, Brown first contends the district court abused its discretion in denying his objection made pursuant to Iowa Rule of Evidence 5.404(b) and allowing the State to present evidence Brown had sexual intercourse with the complainant on several more occasions than the charged offenses.  Brown also asserts the State failed to prove the sex acts were performed "by force or against the will of" the complainant.

Iowa Rule of Evidence 5.404(b)(1) prohibits the use of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, such evidence "may be admissible for another purpose such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident."  Iowa R. Evid. 5.404(b)(2).  Moreover, Iowa Code section 701.11 provides that in cases involving sexual abuse, other incidents of

---

[1] The relevant provisions of the code were substantively unchanged from 2013 to 2015 so we refer to the 2015 version.

sexual abuse may be introduced so long as the probative value is not substantially outweighed by the danger of unfair prejudice.

Brown acknowledged consent would be an issue and that the other sexual conduct could be relevant to the issue of consent. *See State v. Reyes*, 744 N.W.2d 95, 102 (Iowa 2008) (concluding "[t]he existence of prior sexual abuse involving the same alleged perpetrator and victim, however, has relevance on the underlying criminal charge because it shows the nature of the relationship between the alleged perpetrator and the victim"). However, he argued the evidence was unfairly prejudicial. The district court engaged in the appropriate balancing test and determined the evidence was relevant to the issue of consent and the relationship of the defendant to the complaining witness, and was not unfairly prejudicial. *See State v. Larsen*, 512 N.W.2d 803, 808 (Iowa Ct. App. 1993) (finding other acts of sexual abuse with same victim "did not involve conduct any more sensational or disturbing" than the charged crime, and exclusion was not warranted under rule 5.403). Although we would encourage the use of a limiting instruction under these facts, we find no abuse of discretion. *See State v. Putnam*, 848 N.W.2d 1, 7 (Iowa 2014) (discussing standard of review).

Brown argues there is insufficient evidence that the sexual acts were "against the will of" the complaining witness. It is not necessary in Iowa to establish physical resistance to show that an act of sexual abuse was committed by force or against the will of the person. Iowa Code § 709.5. "[P]sychological force or inability to consent based on the relationship and circumstance of the participants may give rise to a conviction under the 'against the will' element of section 709.4(1). This statutory element considers all circumstances that establish actual nonconsent,

including any psychological circumstances particular to the participants." *State v. Meyers*, 799 N.W.2d 132, 146 (Iowa 2011); *see also State v. Kelso-Christy*, 911 N.W.2d 663, 667 (Iowa 2018) ("[I]n furtherance of the statute's clear purpose, we inquire into whether the victim gave meaningful consent and consider the 'circumstances indicating any overreaching by the accused, together with circumstances indicating any lack of consent by the other person.'").

The complaining witness testified she did not want to engage in sex acts with Brown and told him "no" but felt compelled to accede to him. Brown denied using force or threats to compel the complaining witness to have sex with him, but he admitted he used corporal punishment in the past. Brown acknowledged the victim never affirmatively agreed to have sex with him and never initiated any sexual contact. There is substantial evidence from which the jury could find the sexual intercourse was "against the will of" the complaining witness. *See Meyers*, 799 N.W.2d at 138, 146-47 (noting scope of review and finding substantial evidence the sex acts were done "against the will of" the complainant).

**AFFIRMED.**