# IN THE COURT OF APPEALS OF IOWA

No. 19-1948
Filed May 12, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SALVADOR SOLIS ORTEGA,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Heather L. Lauber,

Judge.

Salvador Solis Ortega appeals from his conviction for operating while

intoxicated. **AFFIRMED.**

Ta-Yu Yang, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee.

Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

After consuming "six or seven beers at the club" and then crashing his pickup into the back of a parked police vehicle that had its light bar on, Salvador Solis Ortega was charged with operating while intoxicated (OWI) and failure to maintain control of a vehicle. The investigation leading to the charges consisted of discussions with and observations of Solis at the scene, transportation to a law enforcement facility where standardized field sobriety testing was conducted, administration of a preliminary breath test, invocation of implied consent procedures resulting in a request for a sample of Solis's breath for testing, Solis providing a sample of his breath, and a Datamaster breath test result of .207.

Following a bench trial, Solis was found guilty of both charges and sentenced. He appeals from the OWI conviction claiming (1) the evidence was insufficient to support the conviction; (2) his due process rights were violated by failing to provide a Spanish interpreter during the investigation and implied consent procedures; and (3) his *Miranda*[1] rights were violated.

## I.    Standards of Review

When reviewing sufficiency-of-the-evidence challenges, we "consider all of the record evidence viewed 'in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.'" *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012) (quoting *State v. Keopasaeuth*, 645 N.W.2d 637, 640 (Iowa 2002)). We uphold a verdict if substantial evidence supports it. *Id.* In a bench trial, we review the district court's findings as we would

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

a jury verdict, meaning we will affirm the verdict if supported by substantial evidence. *State v. Weaver*, 608 N.W.2d 797, 803 (Iowa 2000).

Due process challenges to the admission of evidence are reviewed de novo. *State v. Reyes*, 744 N.W.2d 95, 99 (Iowa 2008). Claims that evidence was admitted improperly in violation of a defendant's *Miranda* rights are reviewed de novo. *State v. Miranda*, 672 N.W.2d 753, 758 (Iowa 2003).

## II.      Sufficiency of the Evidence

Iowa Code section 321J.2(1) (2018) makes it a criminal offense to operate a motor vehicle while intoxicated. As relevant to this case in which Solis was accused of being intoxicated by alcohol only, section 321J.2(1) states:

> A person commits the offense of operating while intoxicated if the person operates a motor vehicle in this state in any of the following conditions:
> a. While under the influence of an alcoholic beverage . . . .
> b. While having an alcohol concentration of .08 or more.

A person violates section 321J.2(1) if the person "operates a motor vehicle *either* while 'under the influence' of alcohol *or* while having a blood alcohol content of [.08][2] or more." *State v. Hubka*, 480 N.W.2d 867, 871–72 (Iowa 1992). Here, the State's trial information charged both theories of the offense, evidence was presented under both theories, and the district court found Solis guilty under both theories.

---

2 *Hubka* was decided at a time when a previous version of Iowa Code section 321J.2 set the presumptive level under section 321J.2(1)(b) at .10. *See* 480 N.W.2d at 871–72. By 2018, when Solis was accused of committing the crime, the presumptive level had been lowered to .08. *See* 2003 Iowa Acts ch. 60, § 1 (lowering the presumptive level of alcohol concentration under section 321J.2(1)(b) from .10 to .08).

Solis challenges the sufficiency of the evidence supporting the guilty findings. Solis asserts "gross errors" in the manner in which a law enforcement officer conducted standardized field sobriety tests negated the validity of the tests such that "[n]one of the tests could be considered."

Solis's arguments are unpersuasive. As a preliminary matter, we note Solis did not object to the introduction of the field sobriety testing evidence either by a pretrial motion to suppress or by objection at trial. Therefore, the evidence was available for the factfinder's consideration and it was up to the factfinder, in this case the district court, to determine the weight to give the evidence in light of the claimed errors in performing the tests. *See State v. Quintero-Labrada*, No. 19-0544, 2020 WL 6482726, at *2 (Iowa Ct. App. Nov. 4, 2020) (holding any claimed inconsistencies in administration of "field sobriety tests 'affect the weight to be accorded to the results, rather than their admissibility'" (citation omitted)). The district court weighed the evidence and found the evidence that Solis failed all field sobriety tests persuasive in spite of the claimed errors. We do not disturb this finding because, when evaluating sufficiency-of-the-evidence challenges, we do not resolve conflicts in the evidence, pass upon the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence, as such matters are for the factfinder to determine. *State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006).

Furthermore, even without the field sobriety test results, there is ample evidence of Solis's guilt under both theories of the offense. As to the "under the influence" theory, "a person is 'under the influence' when the consumption of alcohol affects the person's reasoning or mental ability, impairs a person's

judgment, visibly excites a person's emotions, or causes a person to lose control of bodily actions." *State v. Price*, 692 N.W.2d 1, 3 (Iowa 2005) (quoting *State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004)); *see also* Iowa State Bar Ass'n, Iowa Criminal Jury Instruction 2500.5 (defining "under the influence"). Here, Solis was the sole occupant and admitted driver of a pickup that was driven into the back of a parked police patrol vehicle that had its light bar operating. Solis admitted having "approximately six or seven beers at the club." The officer who responded to the collision noted Solis emitted a strong odor of alcohol, had bloodshot and watery eyes, and was slurring his speech. Even without considering Solis's poor performance on the standardized field sobriety tests, these facts support the district court's finding Solis was under the influence of alcohol, as they show Solis consumed alcohol to the point his reasoning or mental ability was impaired, his judgment was impaired, or he had lost control of his bodily actions. The evidence is sufficient to establish Solis was guilty of OWI by being "under the influence" of alcohol in violation of Iowa Code section 321J.2(1)(a).

As to the presumptive alcohol concentration theory of the offense, the evidence is overwhelming. Without objection, the uncontroverted evidence at trial was that the breath sample Solis provided showed he had an alcohol concentration of .207—over two and one-half times the legal limit of .08. The evidence is sufficient to establish Solis was guilty of OWI by operating a vehicle while having an alcohol concentration of .08 or more in violation of Iowa Code section 321J.2(1)(b).

There being sufficient evidence that Solis was guilty under both theories of OWI asserted by the State, we reject Solis's sufficiency-of-the-evidence challenge.

**III.     Due Process Challenge**

On appeal, Solis asserts his due process rights were violated because the law enforcement officer conducting field sobriety and chemical testing "did not make reasonable efforts to provide a Spanish interpreter during the processing." From his brief, the basis for his challenge and the relief he seeks are not clear. Since he cites *State v. Garcia*, 756 N.W.2d 216 (Iowa 2008),[3] and references voluntariness of submission to implied consent testing procedures, we surmise Solis is claiming some evidence admitted at trial should not have been admitted due to failure to provide him with a Spanish interpreter to help overcome a language barrier.

Solis failed to preserve error on any challenges based on the admission of evidence, as Solis failed to challenge the admission of any evidence at trial either by a pretrial motion to suppress or by an objection at trial.  By raising a due process challenge to the admission of evidence, Solis is claiming the evidence was illegally obtained.  Such challenges must be made by a pretrial motion to suppress.  Iowa R. Crim. P. 2.11(2)(c) (stating motions to suppress evidence on the ground that it was illegally obtained "must be raised prior to trial"); *see, e.g.*, *Garcia*, 756 N.W.2d at 219–20 (utilizing a pretrial motion to suppress to challenge the voluntariness of his submission to OWI breath testing).  By failing to raise his constitutional challenge via pretrial motion to suppress, Solis failed to preserve error on that issue.

---

[3] *Garcia* involved an appeal from a denial of a motion to suppress evidence of Garcia's chemical testing results based on claims he did not understand the implied consent advisory due to a language barrier.  756 N.W.2d at 219–20.

Further, even if we were to disregard Solis's failure to raise the issue by pretrial motion to suppress, he also failed to object to the introduction of any evidence at trial. In order to preserve error based on the admission of evidence, objections to the evidence "must be timely and be raised at the earliest time the error becomes apparent." *State v. Reese*, 259 N.W.2d 771, 775 (Iowa 1977); *see also State v. Mitchell*, 757 N.W.2d 431, 435 (Iowa 2008) ("Issues not raised before the district court, including constitutional issues, cannot be raised for the first time on appeal." (quoting *State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997))). Here, not only were objections not timely, they were nonexistent.[4] Not having objected to the introduction of any evidence at trial, Solis cannot challenge the admission of the evidence on appeal.

## IV. *Miranda* Challenge

Solis's challenge based on a claimed violation of his *Miranda* rights fails for the same reasons Solis's due process challenges failed—they were not preserved for our review by pretrial motion to suppress or objections at trial. To those reasons, we add the fact Solis has waived the issue by failing to make more than a perfunctory argument in support of his claim.[5] *See Goode v. State*, 920 N.W.2d

---

[4] While Solis's counsel made a passing reference to "due process" in his motion for judgment of acquittal at the close of the State's case, the reference could not be reasonably construed as an objection to the introduction of evidence and was not timely to preserve error. *See Taft v. Iowa Dist. Ct.*, 828 N.W.2d 309, 322–23 (Iowa 2013) ("A party cannot preserve error for appeal by making only general reference to a constitutional provision in the district court and then seeking to develop the argument on appeal.").

[5] Solis's argument in his brief on this issue states, in its entirety, "One fundamental right of an accused is the right to the Miranda warning when an arrest is being made. When that fundamental right was violated, as here, evidence must be thrown out because it is [] 'the fruit of a poisonous tree.'"

520, 524 (Iowa 2018) (noting failure to clearly identify an issue constitutes waiver); *State v. Tyler*, 867 N.W.2d 136, 166 n.14 (Iowa 2015) (indicating a "passing reference" in a brief is insufficient to present an issue for appeal); *State v. Vaughan*, 859 N.W.2d 492, 503 (Iowa 2015) (finding waiver where party presented "no argument in support of his contention").

## V.     Conclusion

There is sufficient evidence to support the district court's determination of Solis's guilt under both theories of OWI.  Solis has failed to preserve error on any due process challenge, and he has failed to preserve error on and waived any self-incrimination (i.e., *Miranda*) challenges to his conviction.

**AFFIRMED.**