**IN THE COURT OF APPEALS OF IOWA**

No. 23-1380
Filed February 19, 2025

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**SEAN RYAN SHEETS,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Cedar County, Stuart P. Werling,

Judge.

     A defendant appeals from his convictions and sentences. **CONVICTIONS**

**AFFIRMED; SENTENCES VACATED AND REMANDED FOR RESENTENCING.**

     Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant

Appellate Defender, for appellant.

     Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney

General, for appellee.

     Considered by Ahlers, P.J., Chicchelly, J., and Bower, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2025).

**BOWER, Senior Judge.**

A jury found Sheets guilty of five counts of second-degree sexual abuse, six counts of lascivious acts with a child–fondle or touch, and two counts of indecent contact with a child following his sexual assaults of his stepchildren over several years. He was sentenced to terms of incarceration not to exceed twenty-five years on each of the sexual-abuse charges, ten years on each of the lascivious-acts charges, and two years on each of the indecent-contact charges, to be served consecutively. On appeal, Sheets challenges the district court's admission of evidence of prior instances of abuse committed against the same children in a different county and the court's failure to recognize it had discretion to consider risk assessment information in his presentence investigation report (PSI). Upon our review, we affirm Sheets's convictions, vacate his sentences, and remand for resentencing.

## I.     *Evidence of Prior Abuse*

In approximately 2012, Sheets began living with L.S. and her daughters in Davenport in Scott County. In 2019, Sheets and L.S. got married, and the family moved to Bennett in Cedar County. In 2022, the State filed a trial information charging Sheets with various sexual crimes against his stepdaughters "between August 15, 2019, and April 1, 2022, in the County of Cedar . . . ." Sheets pleaded not guilty.

Prior to trial, Sheets filed a motion in limine objecting to the admission of testimony of his abuse of the stepdaughters outside Cedar County during the time period the family lived in Davenport. Specifically, Sheets moved to exclude

"evidence of similar offenses" under Iowa Code section 701.11 (2022). That rule provides:

> In a criminal prosecution in which a defendant has been charged with sexual abuse, evidence of the defendant's commission of another sexual abuse is admissible and may be considered for its bearing on any matter for which the evidence is relevant. This evidence, though relevant, may be excluded if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. This evidence is not admissible unless the state presents clear proof of the commission of the prior act of sexual abuse.

Iowa Code § 701.11(1). Section 701.11(3) further states, "For purposes of this section, 'sexual abuse' means any commission of or conviction for a crime defined in chapter 709. 'Sexual abuse' also means any commission of or conviction for a crime in another jurisdiction under a statute that is substantially similar to any crime defined in chapter 709."

Sheets claimed the "State cannot show that the allegations of sex abuse in another jurisdiction that have yet to be litigated is admissible for its bearing on any matter for which the evidence is relevant." Sheets further argued even if "there is a showing of relevance, then the evidence should still be excluded because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice." The district court held a hearing on the motion, during which the State articulated

> the testimony would be by H.G. and R.P., the child victims in this case, talking about the Defendant sexually abusing them in the past, and there would be no other witnesses testifying about third-party victims who are not involved with the current charges.
> It would be strictly the victims testifying about being victimized by the Defendant historically.

The court reserved its ruling on Sheets's motion. During trial, when R.P. began testifying about the "first time" Sheets abused her, the motion came before the court again with defense counsel objecting to the admission of evidence "for allegations that occurred in a different county." The State countered, arguing:

> As a starting matter, what county it happened in is coming whole cloth from Defense counsel. I'm not aware of any case law that would support that distinction.
>
> The standard that the [Iowa] Supreme Court has identified is there has to be clear proof the individual against whom the evidence is offered committed the bad act or crime. The case law is very clear that testimony from the victim of his prior acts constitutes clear proof, which is what we will have here.
>
> In terms of what this testimony would be relevant for, one, would be showing the nature of the relationship between the Defendant and this witness, and the same issues—the same relevance is going to apply with respect to [H.G.]'s testimony later today.
>
> . . . It's necessary for showing the context of the crime charged in this case and allowing a full presentation of the case.
>
> . . . I think highly probative in this case as it shows Defendant's passion or propensity for illicit sexual relations with these witnesses. . . .
>
> And more particularly with this case, this evidence is relevant to showing the Defendant's specific intent for the specific intent crimes he faces . . . .
>
> . . . .
>
> I don't think that this evidence will be unfairly prejudicial to the Defendant. The jury's already gonna be hearing about multiple acts of sex abuse. I don't think that they're suddenly gonna be enraged against him by hearing about the Davenport incidents on top of that. If they were inclined to being enraged at him for sexual abuse, that's coming anyway.
>
> In terms of confusion of the issues, my intention is to talk with these witnesses about how it started, what kind of touching, and we'll say when she got to Bennett, did it continue, and then we'll start getting specific about how many times certain things happened. So there will be a clear delineation with respect to the charges . . . .
>
> I don't believe it's cumulative, and to the extent it's cumulative, any danger to that does not outweigh the probative value of this evidence when it comes to the Defendant's passion or propensity for sexual relations with these victims. I don't believe it's a waste of time, and simply the [Iowa Rule of Evidence 5.403] factors do not show that this evidence should not come in.

Ultimately, the district court overruled Sheets's motion, stating:

> The admissibility of this evidence, as in most cases, sits in a balance, and the Court must weigh the competing factors. The relevance of the proposed testimony is based on—must be—it must be a finding of clear proof, and as the State has indicated, clear proof is established when the victim testifies that the events to which she testifies occurred to her personally.
>
> As to the remainder of the Defendant's arguments, I believe the State's interpretation of the statute is correct. I believe that the evidence is admissible, that it shows, amongst other things, and perhaps most importantly for the understanding of the jury, the passion of the Defendant for sexual contact with this particular witness. It sets out the story.
>
> The Court does not believe that a determination or a finding by the jury that the acts of sexual abuse that the—uncharged acts of sexual abuse that the witness may testify to in this case will substantially prejudice the jury as they will hear—it appears that they will hear that similar acts also occurred later and in Cedar County.
>
> I don't think the fact that there were three acts makes it more horrible to the jury than that there were two acts or that there were ten acts is more horrible than five acts. That prejudice I just don't think exists in that regard. For those reasons, for the reasons set forth by the State, the motion is denied. The witness may testify.
>
> . . . .
>
> The Court finds similarly that if the other proposed witness [H.G.] is to—is expected to testify as to sexual contact between her and the Defendant that occurred, A, that is uncharged and, B, occurred outside of the county in which this case is being held, that for the reasons set forth by the State, the motion to suppress that testimony made by the Defense would also likewise be denied.

On appeal, Sheets challenges the court's ruling.[1] We review rulings admitting evidence under Iowa Code section 701.11 for an abuse of discretion. *State v. Reyes*, 744 N.W.2d 95, 99 (Iowa 2008). We only find an abuse of

---

[1] To the extent Sheets challenges the court's admission of "character evidence" under Iowa Rule of Evidence 5.404(b), Sheets acknowledges "[d]ue to the overlap of section 701.11 and rule 5.404(b), the analysis and result is the same because section 701.11 is a more expansive version of 5.404(b)." *See State v. Cox*, 781 N.W.2d 757, 761 (Iowa 2010) (observing section 701.11 governs the admission "of prior sexual abuse without limiting such evidence to the specific categories in Iowa Rule of Evidence 5.404(b) . . . .").

discretion when the district court exercises its discretion on clearly untenable grounds or to a clearly unreasonable extent.  *Id.*

Section 701.11 "invites a two-step analysis."  *State v. Eakin*, No. 23-0163, 2024 WL 470184, at *2 (Iowa Ct. App. Feb. 7, 2024).

> First, the State must offer clear proof that the defendant in a sexual-abuse prosecution committed another act of sexual abuse against the same victim.  Direct testimony from the victim is sufficient clear proof to meet that requirement.  Once the State clears that hurdle, the evidence may be considered for its bearing on any matter for which it is relevant.  Second, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.

*Id.* (cleaned up).  The supreme court has observed:

> The existence of prior sexual abuse involving the same alleged perpetrator and victim . . . has relevance on the underlying criminal charge because it shows the nature of the relationship between the alleged perpetrator and the victim.  Further, the potential of undue prejudice where prior sexual abuse evidence is admitted in cases involving the same alleged perpetrator and victim is far less than in cases where the prior bad acts involve other alleged victims.  We hold that a defendant's fundamental right to a fair trial is not jeopardized by the admission of such evidence.

*Reyes*, 744 N.W.2d at 102.

Relating to the first step, Sheets claims "[g]iven the factual allegations in this case, Sheets's passion for sexual relations with H.G. and R.P. was not relevant to any legitimate issue—the details of the charged abuse resolve any concern regarding a passion or propensity for sexual relations with H.G. and R.P."  Yet, Sheets "was steadfast in his denial of ever touching H.G. or R.P. in any sexual manner."  So there was a legitimate issue as to whether the sex acts alleged by R.P. and H.G. actually took place.  Accordingly, the children's corroborative testimony about prior sexual abuse by Sheets was relevant to whether the charged

conduct in fact occurred. *See Eakin*, 2024 WL 470184, at \*3; *State v. Wright*, No. 12-2138, 2014 WL 956064, at \*3–4 (Iowa Ct. App. Mar. 12, 2014) (citing cases).

Turning to the second step, Sheets claims "even if the evidence was relevant to a legitimate issue, the evidence should have been excluded because its probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury." Sheets maintains the evidence of the Davenport allegations was similar in many ways to the allegations of the other incidents, and relying on *Cox*, he claims the "similarity" of the evidence makes it more prejudicial. 781 N.W.2d at 769 ("[T]hat which makes the evidence more probative—the similarity of the prior act to the charged act—also makes it more prejudicial."). Further, he argues because the allegations "were all substantially similar," the jury was more likely to be confused and misled. Finally, he claims the Davenport allegations were "particularly inflammatory" because the children "were even younger" when the alleged abuse took place.

Aside from the similarity to the charged crimes, as the district court found, the evidence of prior abuse "sets out the story" of these offenses. The children alleged Sheets had been abusing them for years but they never told anyone, so the State "had the task of explaining [their] delayed disclosure to the jury." *Eakin*, 2024 WL 470184, at \*4. And Sheets pointed to his work schedule and the lack of privacy in the family's household to support the notion that he had no access to the children to allow him an opportunity to abuse them. He also pointed to the fact that other people lived in the home who "never saw any issues with the family." However, the nature of the prior abuse was no more egregious or inflammatory

than the charged conduct, and the State did not spend significant time developing testimony regarding the Davenport allegations. In short, we conclude the probative value of the prior evidence was not outweighed by the risk of unfair prejudice.

Moreover, any risk of prejudice was diminished by the district court giving the jury the following cautionary instruction:

> Evidence has been received concerning other wrongful acts alleged to have been committed by the defendant. The defendant is not on trial for those acts.
> This evidence must be shown by clear proof to show intent, the nature of the defendant's relationships with H.G. and R.P., and the defendant's passion or propensity for illicit sexual relations with H.G. and/or R.P. and for no other purpose.
> If you find other wrongful acts occurred then and only then may such other wrongful acts by considered for the purpose of intent, the nature of the defendant's relationships with H.G. and R.P., and the defendant's passion or propensity for illicit sexual relations with H.G. and/or R.P.
> You may consider whether the acts were recent or remote and whether the acts were similar or dissimilar to the crimes charged in this case and all other relevant factors in deciding how much weight and effect to give them.

Under the facts and circumstances of this case, we cannot say the district court abused its discretion in allowing H.G. and R.P. to testify regarding Sheets's prior sexual abuse.

## II. *Sentencing Discretion*

Sheets claims the district court abused its discretion "when it erroneously believed it could not consider Sheets's score of being low risk for future violence and low category for future victimization in the PSI." Specifically, at sentencing, the court stated in part:

> The Court has reviewed the PSI in this matter. The PSI makes use of the [Iowa Risk Revised] to determine the Defendant's likelihood of re-offending. The Supreme Court has instructed us not to take into

consideration that portion of the PSI, and the Court does not take that portion of the PSI into consideration.

The State concedes the district court was unaware it could consider the risk assessment contained in Sheets's PSI. *See State v. Martin*, 2 N.W.3d 271, 275 (Iowa 2024) ("The district court does not abuse its discretion by considering risk assessment information in a presentence investigation report where a defendant has notice of the risk assessment and fails to present evidence exposing some actual unsoundness in it.").[2] The State concedes this entitles Sheets to resentencing, and we agree. *See State v. Hess*, 983 N.W.2d 279, 284 (Iowa 2022) ("[W]hen the sentencing court fails to exercise discretion because it was unaware that it had discretion, we typically vacate and remand for resentencing." (cleaned up)). "As part of resentencing, the district court shall exercise its discretion in all respects, including [considering the risk assessment contained in the PSI]." *See Davis*, 4 N.W.3d at 466.

**CONVICTIONS AFFIRMED; SENTENCES VACATED AND REMANDED FOR RESENTENCING.**

---

[2] "We note the district court did not have the benefit of [*Martin*] at the time of sentencing." *See State v. Davis*, 4 N.W.3d 466, 466 n.2 (Iowa Ct. App. 2024) (vacating sentence and remanding for resentencing where the district court was unaware of its discretion to suspend a special sentence for the minor defendant).